UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| RHONDA L. FLETCHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  CIVIL NO. 3:21cv254 |
| | ) |
| KILOLO KIJAKAZI, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

This matter is before the Court on a motion for attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"), filed by the Plaintiff on March 30, 2022. The Commissioner filed a response to the motion on April 7, 2022, to which Plaintiff replied on April 13, 2022.

Plaintiff filed an application for Social Security disability benefits on September 2, 2018, alleging a disability onset date of May 30, 2018. The application was denied initially on January 9, 2019, and upon reconsideration on May 8, 2019. On June 24, 2019, Plaintiff timely filed a Request for Hearing and, on February 13, 2020, she appeared and testified at an administrative hearing held in Valparaiso, Indiana before Administrative Law Judge ("ALJ") Charles J. Thorbjornsen. By notice dated August 26, 2020, ALJ Thorbjornsen issued a decision denying Plaintiff's claim for benefits. Plaintiff filed a timely Request for Review of the hearing decision with the Social Security Administration's Appeals Council. On January 14, 2021, the Appeals Council denied review, thus rendering a final administrative decision by the Commissioner. 20 C.F.R. § 404.981.

On April 14, 2021, Plaintiff filed her timely Complaint For Judicial Review in this Court

pursuant to 42 U.S.C. § 405(g). On February 1, 2022, the undersigned issued an Opinion and Order remanding the case to the Social Security Agency for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g). Final judgment was filed and entered on February 1, 2022.

Plaintiff now contends that, pursuant to *Shalala v. Schaefer*, 113 S. Ct. 2625, 2631 (1993), she is a prevailing party by virtue of the remand, made pursuant to sentence four of 42 U.S.C. § 405(g). Plaintiff further contends that the position of the United States was not substantially justified. *See* 28 U.S.C. § 2412(d)(1)(B). The "position of the United States" includes the action of the agency leading to the litigation. 28 U.S.C. § 2412(d)(2)(D). The burden of proof is on the Government to prove it is "substantially justified" in law and fact at both the administrative and court stages of adjudication. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Commissioner, I.N.S. v. Jean*, 110 S. Ct. 2316, 2319 n.6 (1990); *Cummings v. Sullivan*, 950 F.2d 492, 497 (7th Cir. 1991).

Plaintiff requests an hourly rate of $217.54 for the work performed in 2021 and an hourly rate of $226.74 for the work performed in 2022 by attorneys Frederick J. Daley, Jr. and Meredith E. Marcus. Plaintiff also requests an hourly rate of $100.00 for the legal assistant work performed by Anjali Rathore and David Solomonik. Plaintiff further requests compensation for time spent preparing her motion for fees, as is allowed under the EAJA, and for preparing a reply. In sum, Plaintiff seeks a total amount of $12,659.26, representing 41.65 attorney hours in 2021, 14.35 attorney hours in 2022, and 3.45 legal assistant hours.

The Commissioner does not object to Plaintiff's status as a prevailing party, concedes that the position of the Government was not substantially justified, and does not object to the hourly rates sought by Plaintiff. However, the Commissioner objects to the total hours for which

2

Plaintiff seeks fees. Relying on *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Commissioner takes the position that because Plaintiff was only granted remand on two out of five of her arguments that she had "a limited degree of success" warranting a reduction of hours claimed.

The Commissioner's reliance on *Hensley* is misplaced. In *Hensley*, the Court noted that where a plaintiff presented, in one lawsuit, distinctly different claims for relief that are based on different facts and legal theories, counsel's work on one claim would be unrelated to his work on another claim and in those instances, work on an unsuccessful claim cannot be deemed to have been "expended in pursuit of the ultimate result achieved." *Id*. at 434-35. Clearly, however, this is not a case where work on one claim was unrelated to work on another, but one singular claim of error related to the Administrative Law Judge's denial of disability benefits.  Plaintiff raised all of her arguments on alternative legal grounds for the same desired outcome of reversal of the unfavorable decision and remand to an Administrative Law Judge for a remand hearing. Plaintiff's unsuccessful arguments and successful arguments were all bound up together in the same essential course of events consisting of her claim for disability benefits under Sections 216(i), 223(d) of the Social Security Act. The same evidence was considered under alternative arguments and the same relief was sought in all instances, a reversal and remand of the denial of disability benefits under the Act. This is not a case where theories were "so discrete" that success on only one claim would merit only a drastically reduced fee. *Merriweather v. Family Dollar Stores of Indiana, Inc*., 103 F.3d 576, 584 (7th Cir. 1996). Here, the same core set of facts in the unfavorable claims are present as the successful claims. *Baier v. Rohr-Mont Motors, Inc*., 175 F. Supp. 3d 1000, 1023–24 (N.D. Ill. 2016)(In light of the substantial relief obtained by Plaintiff,

and the common core of facts underlying his claims, the Court finds that a reduction based on partial success would be inappropriate).

Accordingly, Plaintiff's motion for fees under the EAJA will be granted.

## Conclusion

On the basis of the forgoing, Plaintiff's motion for EAJA fees [DE 30] is hereby GRANTED and Plaintiff is AWARDED fees in the amount of $12,659.26.

Entered: April 21, 2022.

s/ William C. Lee  
William C. Lee, Judge  
United States District Court